UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLA WILKINS, PERSONAL
REPRESENTATIVE OF ESTATE OF
DEANDRE JACKSON,

        Plaintiff,

v.

JEREMY BUSH, et al.,

        Defendants.
                                    /

Case No. 2:22-cv-11937

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING
DEFENDANT MDOC'S MOTION TO DISMISS [7]
AND DENYING PLAINTIFF'S MOTION TO AMEND [8]**

Plaintiff Carla Wilkins sued the Michigan Department of Corrections (MDOC) for gross negligence and deliberate indifference in violation of the Eighth Amendment. ECF 1. Plaintiff amended her complaint and added Defendants Jeremy Bush, Heidi Washington, and five John Does. ECF 5. Defendant MDOC then moved to dismiss Plaintiff's claims against it under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). ECF 7. In her response, Plaintiff admitted that the Court should dismiss her claims against MDOC. ECF 9, PgID 75. But Plaintiff moved the same day for leave to file a second amended complaint that "removed [MDOC] from the case caption and the parties." ECF 8, PgID 51. Defendants responded to Plaintiff's motion

1

to amend. *See* ECF 14. For the following reasons, the Court will grant Defendant MDOC's motion to dismiss and deny Plaintiff's motion to amend.[1]

## BACKGROUND

Mr. DeAndre Jackson was a prisoner in the MDOC. ECF 5, PgID 22. He "had many enemies within the facility," *Id.* at 23, and often fought other prisoners such that the MDOC gave him "around six Class I misconducts" for misbehavior. *Id.* In June 2020 the MDOC changed Mr. Jackson's security classification "from security level two to security level four" because of his frequent fights with other inmates. *Id.* (alterations omitted). In July 2020 Mr. Jackson again "got into a fight with a fellow prisoner." *Id.* The MDOC thus segregated him from the general prison population. *Id.* The Security Classifications Committee "recommended that Mr. Jackson remain in segregation while awaiting transfer," so he remained isolated until about February 2021. *Id.* at 23–24 (alterations omitted). In February, the MDOC Central Office rejected the Security Classification Committee's recommendation and "gave the direction" to release Mr. Jackson into the general population. *Id.* at 24. The MDOC's Parole Board then denied him parole "because of his criminal behavior: victimiz[ing] a stranger with a dangerous weapon." *Id.* In June 2021 Mr. Jackson "got into a fight and exchanged punches" with another prisoner. *Id.* A third prisoner intervened and stabbed Mr. Jackson "twice with an 8 [inch] metal shank." *Id.* MDOC officials applied first aid, but Mr. Jackson died. *Id.* at 24–25. Mr. Jackson's personal representative,

---

[1] Based on the parties' briefing, the Court will resolve the motions on the briefs without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. (f)(2).

Plaintiff Wilkins, then filed the present suit and sought damages that resulted from Mr. Jackson's death. *See* ECF 1; 5.

## LEGAL STANDARD

The Court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

## DISCUSSION

The Court will first address MDOC's motion to dismiss. After, the Court will resolve Plaintiff's motion to amend.

I.  MDOC's Motion to Dismiss

The Court will grant MDOC's motion to dismiss based on Eleventh Amendment immunity. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Under the Eleventh Amendment an "unconsenting State is immune from suits brought in

3

federal courts by her own citizens as well as by citizens of another State." *Edelman*, 415 U.S. at 662–63 (collecting cases). "[E]ach State is a sovereign entity in our federal system," and "[i]t is inherent in the nature of sovereignty not to be amenable to [a] suit" absent consent. *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)). "The Eleventh Amendment [thus] bars suits against a [S]tate agency regardless of the nature of the relief sought, in the absence of express consent to suit." *English. v. UIA of Mich.*, No. 20-1005, 2020 WL 3578478, at *2 (6th Cir. May 20, 2020) (internal quotation marks and quotation omitted).

Plaintiff admitted that "[she] sued the MDOC for monetary damages." ECF 7, PgID 39; ECF 9, PgID 75. She also agreed that "[t]he Eleventh Amendment bars suits under § 1983 for money damages against a [S]tate and its agencies." ECF 7, PgID 39; ECF 9, PgID 75. And she acknowledged that "MDOC is entitled to dismissal based on Eleventh Amendment immunity for lack of personal jurisdiction and because Plaintiff has failed to state a claim upon which relief can be granted." ECF 7, PgID 39–40; ECF 9, PgID 75. In the end, "MDOC is a State agency and the State of Michigan has not consented to civil rights suits in the federal courts." *Sims v. Mich. Dep't of Corr.*, 23 F. App'x 214, 215 (6th Cir. 2001) (alterations omitted). The Court will thus grant MDOC's motion to dismiss because "MDOC is [] entitled to Eleventh Amendment immunity." *Id.*

II.   Plaintiff's Motion to Amend

The Court will also deny Plaintiff's motion for leave to file a second amended complaint because of Plaintiff's "repeated failure to cure deficiencies in her first complaint by previous amendments" and because the amendment would be futile. *Wade*, 259 F.3d at 458–59 (alterations omitted).

A party may only amend a pleading after a responsive pleading is filed with the written consent of the opposing party or with leave of the Court. Fed. R. Civ. P. 15(a)(2). The rule also provides that "[t]he [C]ourt should freely give leave when justice so requires." *Id.*; *see Foman v. Davis*, 371 U.S. 178, 182 (1962). To determine whether to grant leave to amend a pleading, the Court relies on six factors: (1) "undue delay in filing"; (2) "lack of notice to the opposing party"; (3) "bad faith by the moving party"; (4) "repeated failure to cure deficiencies by previous amendments"; (5) "undue prejudice to the opposing party"; and (6) "futility of [the] amendment." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001) (quotation omitted).

Plaintiff's second amended complaint made four changes from her first amended complaint. First, it removed MDOC from the caption and parties. *Compare* ECF 5, PgID 20–21, *with* ECF 8, PgID 63–64. Second, it divided paragraph twenty-three of the first amended complaint into paragraphs twenty-five and twenty-six of the second amended complaint and clarified that it was "Washington, Bush, and John Doe(s) 1–5 who gave the direction to release [Mr.] Jackson" and not the "Central Office." *Compare* ECF 5, PgID 24, *with* ECF 8, PgID 67. Third, the first claim used "directors" rather than "[s]ergeants." *Compare* ECF 5, PgID 26, *with* ECF 8 PgID 69.

5

And fourth, it added the word "directors" to the second claim. *Compare* ECF 5, PgID 28, *with* ECF 8, PgID 71.

But the Court has already dismissed MDOC based on Eleventh Amendment immunity. The proposed amendment as to MDOC is therefore moot. Even if it were not moot, the Court would still have denied the amendment based on Plaintiff's repeated failure to cure the deficiency. Factor four, "repeated failure to cure deficiencies by previous amendments," would militate against granting Plaintiff's motion because she failed to withdraw her claims against MDOC in her first amended complaint. *Wade*, 259 F.3d at 458; *see* ECF 1, 5. Plaintiff's original complaint named MDOC as the sole Defendant. ECF 1. Plaintiff had the opportunity to remedy the issue and remove MDOC as a matter of course. But Plaintiff did not voluntarily remove the MDOC. *See* ECF 5. In fact, Plaintiff refused to remove MDOC until three weeks after MDOC moved to dismiss. *See* ECF 7; 8. Only then did she "seek[] leave to file a second amended complaint to cure the deficiencies" of her prior complaint. ECF 8, PgID 51. Because Plaintiff failed to voluntarily cure the deficiencies from the original complaint in her first amendment, factor four would weigh against granting the motion to amend. *See Richardson v. Rose Transp., Inc.,* No. 5:11-317, 2014 WL 121690, at *4 (E.D. Ky. Jan. 13, 2014) (denying leave to file a second amended complaint because the plaintiff had failed to cure deficiencies, filed his motion after the defendants had moved for summary judgment, and the amendment appeared to be motivated by the defendants' legal arguments), *aff'd*, 617 F. App'x 480 (6th Cir. 2015).

Factor six, futility of the amendment, cuts against granting Plaintiff's motion because even with the four proposed changes the second amended complaint fails to adequately plead an Eighth Amendment deliberate indifference or gross negligence claim. *See id.* "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, 842 F.3d 430, 440 (6th Cir. 2016) (quotation omitted). The Court will address both claims in turn.

Plaintiff's proposed amendment fails to adequately allege a violation of the Eighth Amendment and is therefore futile. *See* ECF 8, PgID 69–71. To adequately plead a § 1983 claim, a plaintiff must argue "that (1) a person, (2) acting under color of State law, (3) deprived her of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001) (cleaned up). An Eighth Amendment deliberate indifference claim brought against a prison official has two elements. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, a plaintiff must allege a constitutional deprivation that is "sufficiently serious." *Id.* (quotation omitted). Second, a plaintiff must plead that a prison official had "a sufficiently culpable state of mind; . . . one of deliberate indifference to inmate health or safety." *Id.* (internal quotation marks and quotations omitted).

Plaintiff's second amended complaint alleged that each Defendant—rather than the Central Office as a whole—"gave the direction to release Jackson into general population against the Security Classification Committee." ECF 8, PgID 67. But Plaintiff pleaded no facts about Defendants' states of mind. *See id.* at 63–73. In

fact, none of the amendments address Defendants' states of mind. *See id.* at 63–64, 67, 69, 71. Because Plaintiff did not plead that Defendants acted with "deliberate indifference" or some other culpable state of mind, the second amended complaint does not "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. Plaintiff's Eighth Amendment claim thus would not survive a motion to dismiss, and the second amended complaint is futile as to that claim. *See Iqbal*, 556 U.S. at 678; *Wade*, 259 F.3d at 458–59.

Plaintiff's second amended complaint is futile as to her State-law gross negligence claim because the Court would decline to exercise supplemental jurisdiction over the claim once the federal question was dismissed. *See* ECF 8, PgID 71–73. Under 28 U.S.C. § 1367(c)(3) a court may "decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction." Plaintiff's second amended complaint brought one federal and one State claim. *See* ECF 8, PgID 69–73. As explained above, the second amended complaint inadequately pleaded the federal claim, so the amendment is futile with respect to that claim. And because none of the second amended complaint's four changes convince the Court to exercise supplemental jurisdiction over the State-law claims, the Court would decline to exercise jurisdiction over the State-law claim. *See* 28 U.S.C. § 1367(c)(3). Plaintiff's proposed amendments are therefore futile as to the State claim, too.

In sum, the Court will grant Defendant MDOC's motion to dismiss because it is entitled to sovereign immunity. *See Sims*, 23 F. App'x at 215. The Court will also

deny Plaintiff's motion to amend because of mootness, and because factors four and six militate against granting Plaintiff's motion to amend the complaint and the other four factors are inapplicable. *See Wade*, 259 F.3d at 458–59.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant MDOC's motion to dismiss [7] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend her complaint [8] is **DENIED**.

**SO ORDERED.**

                                              s/ Stephen J. Murphy, III
                                              STEPHEN J. MURPHY, III
                                              United States District Judge

Dated: November 14, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 14, 2022, by electronic and/or ordinary mail.

                                              s/ David P. Parker
                                              Case Manager