UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLA WILKINS, PERSONAL
REPRESENTATIVE OF ESTATE OF
DEANDRE JACKSON,

                                             Case No. 2:22-cv-11937

                  Plaintiff,

                                    HONORABLE STEPHEN J. MURPHY, III

v.

JEREMY BUSH, et al.,

                  Defendants.

_____/

## OPINION AND ORDER DENYING SECOND MOTION TO AMEND COMPLAINT [16] AND GRANTING MOTION TO DISMISS [18]

Plaintiff Carla Wilkins, personal representative of the estate of Deandre Wilkins (Decedent), sued Defendants the Michigan Department of Corrections (MDOC), Jeremy Bush, Heidi Washington, and five John Does in an amended complaint. ECF 5. The MDOC moved to dismiss the complaint. ECF 7. Plaintiff responded, ECF 9, and moved for leave to amend her complaint, ECF 8. The Court denied the motion Plaintiff brought to amend her complaint and granted the motion brought by the MDOC to dismiss in full. ECF 15. Plaintiff then moved for leave to file a second amended complaint. ECF 16. The remaining Defendants responded to the motion, ECF 17, and moved to dismiss the complaint, ECF 18. The parties briefed the motion to dismiss. ECF 19; 20. For the following reasons, the Court will deny the

second motion from Plaintiff for leave to amend the complaint and will grant Defendants' motion to dismiss.[1]

## BACKGROUND

In the interest of judicial economy, the Court will adopt the background section from a previous order, ECF 15, PgID 118–19.

## DISCUSSION

The Court will first address the motion to amend. Then, the Court will resolve the motion to dismiss.

I.   Motion to Amend

After a responsive pleading is filed, a party may only amend a pleading with the written consent of the opposing party or with leave of the Court. Fed. R. Civ. P. 15(a)(2). The rule also provides that "[t]he [C]ourt should freely give leave when justice so requires." *Id.*; *see Foman v. Davis*, 371 U.S. 178, 182 (1962). "Although such motions are commonly granted, a motion to amend a complaint should nevertheless be denied if the amendment would be futile."[2] *Courie*, 577 F.3d at 633 (cleaned up). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Maxwell v. Corr. Med. Servs., Inc.*, 538 F. App'x. 682, 691 (6th Cir. 2013) (quotation omitted). To survive a motion to dismiss, "[f]actual

---

[1] Based on the parties' briefing, the Court will resolve the motions on the briefs without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

[2] The Sixth Circuit has held that there are several factors "which may affect [a court's] decision" to grant a motion to amend. *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458 (6th Cir. 2001). But the court later clarified that futility alone is sufficient to deny a motion to amend. *See Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 633 (6th Cir. 2009).

2

allegations must be enough to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face." *Id.* (quotation omitted). "A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (cleaned up).

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (collecting cases). A successful deliberate indifference claim has two parts: (1) there was a substantial risk of serious harm to a prisoner and (2) a defendant was deliberately indifferent to the risk. *Id.* at 834. "Deliberate indifference has been equated with subjective recklessness and requires the § 1983 plaintiff to show that the State official knows of and disregards an excessive risk to the victim's health or safety." *Sperle v. Mich. Dep't of Corr.*, 297 F.3d 483, 493 (6th Cir. 2002) (cleaned up). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (quoting *Farmer*, 511 U.S. at 828). Then, "once the State actor draws the necessary inference, the official must act or fail to act in a manner demonstrating reckless or callous indifference toward the individual's rights." *Id.* (cleaned up). The Court will deny the motion to amend because the proposed amended complaint does not adequately allege either prong of a deliberate indifference claim. The Court will address each prong in turn.

    A.    *Substantial Risk of Serious Harm*

Defendant provided no evidence that Decedent was at risk of serious bodily harm. *See* ECF 16. In fact, every allegation and exhibit in the proposed amended complaint and every reasonable inference that could be drawn from the allegations and evidence showed that Decedent was, in fact, a danger to others and not that others were a danger to him. Decedent "had a violent criminal history, including victimizing a stranger with a dangerous weapon." ECF 16-2, PgID 144. The MDOC classified him as being a "very high assaultive risk" to others. *Id.* at 153 (alterations omitted). Indeed, while in prison, an Administrative Law Judge (ALJ) found Decedent guilty of "Threatening Behavior." *Id.* at 155. Because of the behavior of Decedent, the MDOC changed his "security [risk] level" from two to four. *Id.* at 157. Despite the change, he was found guilty of assault and battery on another prisoner. *Id.* at 159. Accordingly, the MDOC segregated Decedent from the general population and cited his "inability to be managed with general population privileges." *Id.* at 161 (alterations omitted). He was segregated for more than four months because the MDOC could not manage his violence. *Id.* at 163, 165. Right after Decedent was released back into general population, an ALJ found him guilty of "threatening behavior," "creating a disturbance," and "disobeying a direct order." *Id.* at 169–70 (alterations omitted).

Plaintiff alleged that Decedent "had many enemies within" prison and was thus at substantial risk of serious harm. ECF 16-2, PgID 145–47. But no evidence or reasonable inference from the evidence supported that statement. In fact, all of the

allegations brought by Plaintiff militate against a finding that Decedent was objectively at risk of substantial bodily harm. *See id.* at 143–49. The proposed amended complaint is thus simply "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because "an unadorned, the-defendant-unlawfully-harmed-me accusation" "do[es] not suffice," *see id.*, Plaintiff failed to adequately allege the first prong of a deliberate indifference claim.

B.    *Deliberate Indifference*

Plaintiff also failed to adequately allege that Defendant Bush was deliberately indifferent to a substantial risk of serious harm to Decedent or that he "act[ed] in a manner demonstrating reckless or callous indifference toward [Decedent's] rights." *Sperle*, 297 F.3d at 493 (cleaned up). The threadbare complaint, nearly devoid of any factual allegation, stated that "[Defendant] Jeremy Bush worked for [the MDOC]. [And] [Defendant] headed the Correctional Facilities Administration, also known as the Central Office." ECF 16-2, PgID 143. Plaintiff then argued that "[Defendant Bush] knew Decedent had many enemies within the [prison]." *Id.* at 144. But Plaintiff provided no evidence at all that Defendant Bush knew Decedent had enemies. *See* ECF 16-2. Nor did she provide any evidence that would lead to a reasonable inference that Defendant Bush was aware of any danger to Decedent. *See id.* Instead, she relied on only the conclusory statement that Defendant Bush "knew" of the risk of danger to Decedent. *See* ECF 16-2.

5

Plaintiff also contended that Defendant Bush released Decedent into the general population, and she cited "Exhibit 8" as her source. *Id.* at 145. But exhibit eight states that Decedent was released "[p]er direction of [the] Central Office." *Id.* at 167. And Plaintiff failed to allege or show that the actions of "Central Office" are attributable to Defendant Bush. *See id.* at 143–49. To adequately state an Eighth Amendment claim, Plaintiff had to allege that Defendant Bush "[a]ct[ed] or fail[ed] to act in a manner demonstrating reckless or callous indifference toward [Decedent's] rights." *Sperle*, 297 F.3d at 493 (quotation omitted). Plaintiff failed to show how the one allegedly violative action by Defendant Bush—releasing Decedent—was actually an act completed by or attributable to Defendant. Moreover, even if Defendant Bush personally released Decedent from solitary confinement, the claim would still fail because Plaintiff offered no facts that suggest Defendant Bush "knew of and disregarded an excessive risk to Decedent's health or safety" on the release of Decedent. *Sperle*, 297 F.3d at 493 (cleaned up).

To be sure, Plaintiff concluded that Defendant Bush knew of and disregarded a risk to Decedent because he "made the decision to release [Decedent] into general population against the Security Classification Committee's decision to keep [Decedent] in segregation . . . knowing [Decedent] had many enemies." ECF 16-2, PgID 145. But the Security Classification Committee recommended that Decedent remain in segregation because he could not be managed with general population privileges. *Id.* at 161, 163, 165. And Decedent was in segregation because he assaulted and battered another prisoner, not because he was in danger. *See id.* at

PgID 161. Plaintiff thus misleadingly presented the evidence. She insinuated that Decedent was in segregation to protect him from other inmates; in fact, Decedent was isolated to protect other prisoners and prison staff from him. The recommendation by the Security Classification Committee is therefore not evidence that Defendant Bush "act[ed] in a manner demonstrating reckless or callous indifference toward [Decedent's] rights." *Sperle*, 297 F.3d at 493 (quotation omitted). At bottom, the proposed amended complaint contains "mere conclusory statements" about what Defendant Bush knew and did. *Iqbal*, 556 U.S. at 678. Because conclusory statements will not survive a motion to dismiss, the Court will deny the motion to amend as futile.

II.   <u>Motion to Dismiss</u>

The Court will grant Defendants' motion to dismiss because the operative complaint, ECF 5, does not satisfy the pleading standard found in Rule 8(a)(2). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and quotation omitted). "It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants." *Catanzaro v. Harry*, 848 F. Supp. 2d 780, 791 (W.D. Mich. 2012) (citing *Twombly,* 550 U.S. at 544). And it is fundamental that "[w]here a person is named as a defendant without an allegation of specific conduct, the complaint is subject to

dismissal." *Id.* (citing *Gilmore v. Corr. Corp. of Am.,* 92 F. App'x 188, 190 (6th Cir. 2004)).

Defendants argued the complaint failed to meet pleading standard because, "[o]utside of establishing their positions of authority, the complaint never individually references Director Washington, Deputy Director Bush, or John Does 1–5 with an allegation of misconduct." ECF 18, PgID 252 (internal citation omitted). Defendants also contended that the operative complaint does not satisfy the pleading standard because it "d[id] not allege any specific conduct by any Defendant." *Id.* at 252–53. Plaintiff responded that because "[Plaintiff] filed her motion for leave to amend her complaint[,] . . . most of the arguments made by Defendant's motion to dismiss are either premature or moot." ECF 19, PgID 278. For the reasons explained above, the Court denied the motion to amend as futile. The Court will thus review the operative complaint, ECF 5, to determine whether it meets the pleading standard of Rule 8(a)(2).

The operative complaint did not allege that any Defendant showed deliberate indifference to the safety of Decedent. *See* ECF 5. Indeed, the complaint did not allege that any of the remaining Defendants took any actions at all. *See id.* Instead, the complaint alleged that "[a]t all times, Defendants, with malice, recklessness, and/or deliberate indifference, released [Decedent] to general population"; that "[t]he Department's actions—releasing [Decedent] into general population in deliberate indifference to the Security Classification recommendation—placed [Decedent] in danger and caused his death"; and that "[t]he actions and/or omissions of the various

Defendants constitute a deliberate indifference." ECF 5, PgID 27. But none of the above statements suggest which, if any, of the named Defendants took any action.[3] *See id.* Moreover, two of the statements are contradictory. In the first statement, Plaintiff asserted that "Defendants . . . released [Decedent] into general population." *Id.* But in the second, Plaintiff asserted that "[t]he Department" alone released [Decedent] into general population.[4] Because the complaint uses vague language and contradicts itself, it does not "give [] [D]efendant[s] fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. The Court will therefore dismiss the complaint for failing to state a claim on which relief can be granted.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the second motion to amend [16] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to dismiss [18] is **GRANTED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 17, 2023

---

[3] The Court acknowledges that the proposed second amended complaint would have named with specificity which Defendant was responsible for releasing Decedent into the general population. *See* ECF 16-2. But as discussed above, the second amended complaint is futile even with that adjustment.

[4] The MDOC was dismissed in a previous order. *See* ECF 15.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 17, 2023, by electronic and/or ordinary mail.

<u>s/ David P. Parker</u>
Case Manager

10